## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DEALER COMPUTER SERVICES, INC.,** | ) | |
| **f/k/a FORD DEALER COMPUTER** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-2305-JWL** |
| | ) | |
| **ROLAND GRIFFITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Highly summarized, Dealer Computer Services (DCS) alleges that Mr. Griffith orchestrated a transfer of assets in violation of the Kansas Uniform Fraudulent Transfer Act to prevent DCS from collecting debts owed under two service contracts between DCS and Griffith Ford-Mercury, Inc. (GFMI), an Iowa automobile dealership formerly owned by Mr. Griffith.  This matter is before the court on defendant's motion for leave to file an amended answer to assert six additional affirmative defenses to plaintiff's complaint.  For the reasons set forth below, the motion shall be GRANTED IN PART.

As noted above, defendant seeks leave to amend his answer to assert six additional affirmative defenses.  Plaintiff objects to three of the new defenses, asserting that they are

futile.[1]  The standard for permitting a party to amend his or complaint or answer is well established.  Without an opposing party's consent, a party may amend his pleading only by leave of the court.  Fed. R. Civ. P. 15(a).[2]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.  <u>Panis v. Mission Hills Bank</u>, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing <u>Woolsey v. Marion Labs., Inc.</u>, 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." <u>Koch v. Koch Industries</u>, 127 F.R.D. 206, 209 (D. Kan. 1989).  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.  <u>Hom v. Squire</u>, 81 F.3d 969, 973 (10th Cir. 1996).

Proposed affirmative defenses numbered 13 and 15 assert that plaintiff's claims should be denied because the underlying contracts are "contracts of adhesion" and "legally invalid."  The court agrees that allowing these two affirmative defenses would be a futile exercise.  The contracts were between DCS and Griffith Ford-Mercury, Inc. and, pursuant to an arbitration award, judgment has been entered against Griffith Ford-Mercury, Inc. for

---

[1]

DCS contends the other three defenses are without merit but does not object to their inclusion at this time.  Accordingly, this portion of the motion shall be granted without further comment.

[2]

The time for amending "as a matter of course" is long past.

approximately $268,000 plus interest.[3]  Mr. Griffith was not a party to the contract between DCS and Griffith Ford-Mercury, Inc. and provides no legal theory or authority granting him the right to collaterally attack the judgment.[4]  Under the circumstances, the request to add affirmative defenses numbered 13 and 15 shall be denied.

Affirmative defense number 14 asserts that plaintiff's claim should be denied because Mr. Griffith "owed no obligation under the contracts allegedly forming the basis of this action."  DCS argues that this is a futile amendment because the issue of whether or not Mr. Griffith was a party to the contract has no bearing on the outcome of this suit.  More specifically, plaintiff argues that Mr. Griffith's liability in this suit is based on an entirely different inquiry:  whether Mr. Griffith coordinated a fraudulent transfer of assets designed to direct funds from GFMI to himself so that DCS would be unable to collect debts owed by Griffith Ford-Mercury, Inc.  The court agrees that affirmative defense number 14 would be a futile amendment given the nature of DCS's claim in this case.[5]

---

[3]

Judgment was entered in the United States District Court for the Eastern District of Michigan, Southern Division (Case No. 2:05CV70109) on March 16, 2005.

[4]

Defendant filed no response to plaintiff's assertion that adding the three affirmative defenses would be futile.  The failure to file a response to plaintiff's futility arguments provides an alternative grounds (abandonment) for disallowing these particular affirmative defenses.

[5]

In a nutshell, DCS alleges that Mr. Griffith sold the assets of the corporation to a purchaser for a nominal amount and entered into a side agreement to be paid in excess of $45,000 per year for ten years under the guise of "an employment contract."

**IT IS THEREFORE ORDERED** that defendant's motion for leave to file an amended answer **(Doc. 17)** is **GRANTED IN PART** and his request to add affirmative defenses numbered 13, 14, and 15 is **DENIED.**  Defendant shall file an amended answer consistent with this ruling on or before February 3, 2012.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 25th day of January 2012.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge