# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEALER COMPUTER SERVICES, INC.,** )<br>**f/k/a FORD DEALER COMPUTER** )<br>**SERVICES, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ROLAND GRIFFITH,** )<br>)<br>Defendant. )<br>) | Case No. 11-2305-JWL |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel defendant to produce documents responsive to plaintiff's first set of production requests and for sanctions. (Doc. 53).[1] For the reasons set forth below, plaintiff's motion shall be GRANTED IN PART.

## Background

Highly summarized, Dealer Computer Services (DCS) alleges that Mr. Griffith orchestrated a transfer of assets in violation of the Kansas Uniform Fraudulent Transfer Act

---

[1] Although the first sentence of plaintiff's motion states that interrogatory answers should also be compelled, the parties' briefs focus on issues concerning document production and the court fails to identify any arguments concerning disputed interrogatories. The court deems any issue concerning the sufficiency of defendant's interrogatory answers to have been abandoned.

(KUFTA) to prevent DCS from collecting debts owed under two service contracts between DCS and Griffith Ford-Mercury, Inc. (GFMI), an Iowa automobile dealership formerly owned by Mr. Griffith. In a nutshell, DCS alleges that Mr. Griffith sold the assets of the corporation to a purchaser for a nominal amount and entered into a side agreement to be paid in excess of $45,000 per year for ten years under the guise of "an employment contract."

## Motion to Compel

Plaintiff served defendant with 54 requests for the production of documents and defendant asserted some form of objection to every request. Plaintiff moves to compel, arguing that defendant's "boilerplate objections" are without merit and that production should be ordered. In response to the motion, defendant now argues:

> ***notwithstanding the objections*** raised by defendant to the discovery requests [in] this matter, defendant has provided ***all*** records ***in his possession***, save for those in two categories relevant to these discovery requests and this dispute:
>
> a. documents protected by the attorney-client privilege or attorney work-product doctrine; and
>
> b. personal financial documents of Roland Griffith.

Defendant's Response, Doc. 68, p. 3, (emphasis added). Defendant then discusses the objections concerning his personal financial documents and privilege assertions. The issues are addressed in greater detail below.

-2-

**Objections and Representations Concerning Document Production**

Plaintiff's motion to compel discusses defendant's lengthy list of boilerplate objections to Production Requests 3-39, 41-47 and 54 and explains why the objections have no merit. Rather than respond to those arguments, defendant now contends that, "notwithstanding the objections," he has produced all documents in his possession. It is improper to assert boilerplate objections to discovery requests when there are no documents responsive to the requests. Under Fed. R. Civ. P. 26(g) an attorney signing a discovery response certifies that any objection is 1) consistent with rules, 2) not interposed to cause unnecessary delay or expense, and 3) not unreasonably burdensome or expensive. If ***all*** documents had been produced, defendant should have timely supplemented his discovery responses ***before*** the motion to compel was filed and 1) unequivocally advised opposing counsel that there were no additional documents responsive to certain production requests ***and*** 2) withdrawn his boiler-plate objections to those production requests.[2]

In addition to the above problem, defendant has misquoted his duty to produce documents. Although defendant represents that he has produced all documents in his "possession," Fed. R. Civ. P. 34 requires production of documents in his "possession, custody, or control." To establish a clear record of defendant's discovery responses,

---

[2] Defendant's reasons for asserting objections while at the same time claiming that ***all*** documents have been produced are not entirely clear. During a July 31, 2012 status conference defense counsel asserted that he was attempting to preserve defendant's objections under some unspecified Missouri case law. No citations were provided and it is doubtful that any court would concern itself with hypothetical objections when no additional documents exist for production.

defendant shall serve supplemental responses *signed by defendant under oath* stating that he has produced all documents responsive to production requests 3-32, 34-35, 39, and 41-47. Because defendant represents that all documents have been produced, no objections may be cited except for those instances where defendant previously asserted the attorney-client privilege or work product doctrine. Defendant's supplemental response shall be served on plaintiff before **August 13, 2012.**

**Attorney-Client Privilege and Work Product Doctrine**

Defendant prepared a privilege log to support his objection that certain documents are protected by the attorney-client privilege.[3] Plaintiff challenges the sufficiency of the privilege log and, to expedite resolution of the privilege dispute, the court has reviewed the 36 documents in camera. The documents identified as RG000212-13, RG000217, RG000219 and RG000280-83 are not protected by the attorney-client privilege because the documents were created by non-parties and were not created for the purpose of communicating legal advice. For example, RG000212-13 is a two-page order by a state judge concerning a case in Iowa. This public document is not transformed into a privileged document merely because defendant's attorney sent a copy of the ruling to defendant. Accordingly, defendant shall produce the above listed documents by **August 13, 2012.** The

---

[3] Although defendant asserted the work product doctrine in response to certain production requests, his privilege log does not list any documents as protected by the work product doctrine.

remaining documents are either protected by the attorney-client privilege or are so insignificant that production is not warranted.[4]

Although not supported by a privilege log, defendant also asserted the work product doctrine in response to Production Request 54. Request 54 asks for all documents that support defendant's defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii) requires a party to identify and produce all documents in defendant's possession, custody, or control that may be used to support a defense. Defendant's assertion that such documents are protected from disclosure by the work product doctrine is without merit and summarily rejected. Defendant shall produce all documents responsive to Production Request 54 by **August 13, 2012.**

Finally, defendant asserts that his general objection based on the attorney-client privilege is necessary to preserve the objection "in the unlikely event additional privileged documents are discovered." Again, it is not appropriate to assert an objection concerning documents that do not exist and this argument is rejected.

**Production Requests 33, 36-38**

Production Request No. 33 seeks documents, including bank statements and canceled checks, related to any payments made to defendant pursuant to the "employment agreement" with the purchaser of defendant's Iowa car dealership. This request for bank statements is overly board and would include the production of financial information that is not related to

---

[4] A number of the listed documents are simply transmittal coversheets.

plaintiff's claims. Accordingly, the general request for monthly bank statements and canceled checks is denied. However, defendant shall produce documents which show his receipt of any payments from the purchasers of his dealership.

Production Request 36 asks for defendant's federal tax returns and Request 37 asks for defendant's state tax returns. The returns are relevant to show whether defendant recognized the payments as "employee compensation" and whether FICA taxes were paid. Evidence that FICA taxes were not paid would support plaintiff's contention that the payments were not for employee services but rather as part of a plan to avoid GFMI's creditors. Because the tax returns contain relevant information, defendant carries the burden of showing that the information is readily obtainable from other sources. Audiotext Communications Network, Inc. v. US Telecom, Inc., 195 WL 625962 (D. Kan. 1995). Defendant has not shown that the information is readily available from other sources; therefore, the motion to compel production of the tax returns is GRANTED.

Production Request 38 seeks all financial statements prepared by defendant from 2003 to the present. The negotiations and sale that form the basis for plaintiff's fraudulent conveyance claims took place during the time from 2003 to 2004. Defendant's financial statements during this period are relevant to plaintiff's fraudulent conveyance claim and shall be produced by **August 13, 2012.** However, the request for more recent financial statements appears to be an attempt to gather information for post-judgment collection activity and is

DENIED.[5]

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 53)** is **GRANTED IN PART**, consistent with the rulings herein. Sanctions will not be awarded at this time; however, the issue of sanctions remains under advisement and may be revisited if defendant fails to comply with the court's rulings.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of August 2012.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] Plaintiff argues that the more recent financial statements are relevant to support their claim for punitive damages. Although there is some variance in this district, it appears that Judge Lungstrum's practice is to defer discovery of financial information related to punitive damages until after trial. American Maplan Corporation v. Peter Heilmayr, 203 F.R.D. 499 (D. Kan. 2001). Accordingly, discovery concerning financial matters relevant to the amount of punitive damages shall be deferred until after trial.